## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TYLER DIVISION

| | |
|---|---|
| INVITROGEN CORPORATION, QUANTUM DOT CORPORATION, MOLECULAR PROBES, INC., and THE REGENTS OF THE UNIVERSITY OF CALIFORNIA,<br><br>Plaintiffs,<br><br>v.<br><br>EVIDENT TECHNOLOGIES, INC., and DOES 1 through 5, Inclusive,<br><br>Defendants. | CASE NO. 6:08-cv-163-LD |

## AGREED PROTECTIVE ORDER

To expedite the flow of discovery material, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to FED. R. Civ. P. 26(c), it is hereby ORDERED THAT:

## INFORMATION SUBJECT TO THIS ORDER

1.    For purposes of this Protective Order ("Order"), "CONFIDENTIAL" information shall mean all information, material, documents, or electronically stored information that is produced for or disclosed, either through the formal discovery process or informally, to a receiving party; which a producing party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order,

considers to constitute or to contain trade secrets or other confidential research, development, or commercial or other information, whether embodied in physical objects, documents, or the factual knowledge of persons; and which has been so designated by the producing party. Any CONFIDENTIAL information obtained by any party from any person pursuant to discovery in this litigation may be used only for purposes of preparation and litigation of this matter, and may not be used for any other purpose, including but not limited to use in other litigation, use for business purposes, or use for patent prosecution or for providing strategic patent prosecution advice.

2.    Any document, electronically stored information, or tangible thing containing or including any CONFIDENTIAL information may be designated as such by the producing party by marking it, or a coversheet corresponding thereto if a document or electronically stored information is produced in native electronic format, "CONFIDENTIAL" (or "CONFIDENTIAL INFORMATION") prior to or at the time production is made to the receiving party.[1] Information meeting the criteria in Paragraph 6 for ATTORNEYS' EYES ONLY information may similarly be marked with an "ATTORNEYS' EYES ONLY" (or "CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY") designation. No document or electronically stored information produced in native electronic format shall be used or offered by any party for any purpose in this litigation unless it is accompanied by a coversheet that includes on its face the applicable confidentiality designation (if any) and a document identification or Bates number that identifies the specific location of such document within the producing party's production.

3.    At the request of a party, the original and all copies of any deposition transcript shall be marked "CONFIDENTIAL" (or "CONFIDENTIAL INFORMATION"), or

---

[1] The parties may agree, on a case-by-case basis, to allow the production and/or disclosure of certain documents without coversheets so long as said agreement is between all parties and is evidenced by a written instrument of some form.

2

"ATTORNEYS' EYES ONLY" (or "CONFIDENTIAL OUTSIDE ATTORNEYS EYES ONLY") by the reporter, and shall thereafter be treated in accordance with the terms of this Order.

    4.    All CONFIDENTIAL or ATTORNEYS' EYES ONLY information not reduced to documentary, tangible or physical form or which cannot be conveniently designated as set forth in Paragraph 2, shall be designated by informing the receiving party of the designation in writing. To the extent the receiving party subsequently generates copies of this information, whether electronic or hard-copy, it shall mark such copies with the appropriate confidentiality designations. When documents are produced in electronic form, the producing party shall include a confidentiality designation on the medium containing the documents. If the medium contains documents in native electronic format, the medium shall include a coversheet for each native format document that includes on the face of the coversheet the applicable confidentiality designation (if any) and a document identification or Bates number that identifies the specific location of such document within the producing party's production.[2] When a receiving party prints a native format document from such medium, the receiving party shall also print the corresponding coversheet and the receiving party shall attach the coversheet to the native format document so that the document's confidentiality designation will be readily apparent to one viewing the document. In the event that a receiving party prints a native format document from a medium that has been marked with a confidentiality designation, but the document is not accompanied by a coversheet or the coversheet could not be printed, the receiving party shall mark each such page of such document with an ATTORNEYS' EYES ONLY designation until the document's coversheet may be located or printed.

---

[2] The parties may agree, on a case-by-case basis, to allow the production and/or disclosure of certain documents without coversheets so long as said agreement is between all parties and is evidenced by a written instrument of some form.

5.      The following information is not CONFIDENTIAL information:

(a)     any information which at the time of disclosure to a receiving party is lawfully in the public domain;

(b)     any information which after disclosure to a receiving party lawfully becomes part of the public domain as a result of publication not involving a violation of this Order;

(c)     any information which a receiving party can show was received by it, whether before or after the disclosure, from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party; and

(d)     any information which a receiving party can show was independently developed by it by personnel who have not had access to the producing party's CONFIDENTIAL information or ATTORNEYS' EYES ONLY information.

## INFORMATION DESIGNATED ATTORNEYS' EYES ONLY

6.      CONFIDENTIAL information may be additionally designated ATTORNEYS EYES' ONLY. The ATTORNEYS' EYES ONLY designation is reserved for information that constitutes proprietary financial, technical, or commercially-sensitive competitive information that the producing party maintains as highly confidential in its business, including, but not limited to, information obtained from a nonparty pursuant to an applicable Nondisclosure Agreement ("NDA"), information relating to future products not yet commercially released, strategic plans, technical documents that would reveal trade secrets, and settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party.  Documents designated ATTORNEYS' EYES ONLY and

4

contents thereof shall be available only to outside counsel for the parties, technical advisers designated pursuant to Paragraphs 10-13, data processing vendors, and graphics and trial consultants.

## NO WAIVER OF PRIVILEGE

7.    Production of documents (including physical objects) for inspection, or production of copies of documents, shall not constitute a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery if, after the producing party becomes aware of any inadvertent or unintentional disclosure, the producing party designates any such documents as within the attorney-client privilege or work product immunity or any other applicable privilege or immunity and requests return of such documents to the producing party. Upon request by the producing party, the receiving party shall immediately return all copies of such inadvertently produced document(s), regardless of whether the receiving party agrees with the designation, without making any further use of such documents(s), and shall immediately destroy any notes or other writings that summarize, reflect or discuss the privileged or protected content of such document(s). The producing party shall thereafter put any document designated in this manner onto its privilege log (if the parties do not agree to dispense with privilege logs altogether). Nothing herein shall prevent the receiving party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court. However, the receiving party may not use the production of the document(s) in question to support the challenge.

## DISCOVERY RULES REMAIN UNCHANGED

8.    Nothing herein shall alter or change in any way the discovery provisions of the Federal Rules of Civil Procedure, the Rules of Practice for Patent Cases before the Honorable

Leonard E. Davis, United States District Court for the Eastern District of Texas (cited as "P.R."), or the Court's Docket Control Order and Discovery Order. Identification of any individual pursuant to this Protective Order does not make that individual available for deposition or any other form of discovery outside of the restrictions and procedures of the Federal Rules of Civil Procedure, the Rules of Practice for Patent Cases before the Honorable Leonard E. Davis, United States District Court for the Eastern District of Texas (cited as "P.R."), and the Court's Deadlines for Docket Control Order and Discovery Order. Nothing in this Order shall be construed to require a party to produce or disclose information not otherwise required to be produced under the applicable rules or orders of this Court. Any party is free to use its own CONFIDENTIAL information or ATTORNEYS' EYES ONLY information for any purpose, and no use by the producing party shall affect or otherwise act as a waiver with respect to the confidential status of that information.

## PERSONS AUTHORIZED TO RECEIVE CONFIDENTIAL INFORMATION AND ATTORNEYS' EYES ONLY INFORMATION

### Outside Counsel

9.      Outside counsel for a receiving party shall have access to the producing party's CONFIDENTIAL information and ATTORNEYS' EYES ONLY information. The term "outside counsel" shall mean attorneys of record for the parties working on this litigation, and including supporting personnel employed by the attorneys, such as technical advisers, paralegals, legal translators, legal secretaries, legal clerks and shorthand reporters, or independent legal translators retained to translate in connection with this action, or independent shorthand reporters retained to record and transcribe testimony in connection with this action.

## **Technical Advisers**

10.    CONFIDENTIAL information of a producing party, and such copies as are reasonably necessary for maintaining, defending or evaluating this litigation, may be furnished and disclosed to technical advisers, subject to the requirements of Paragraphs 11-13. ATTORNEYS' EYES ONLY information of a producing party, and such copies as are reasonably necessary for maintaining, defending or evaluating this litigation, may be furnished and disclosed to technical advisers, subject to the requirements of Paragraphs 11-13. The term "technical adviser" shall mean any outside person (who is not an employee of a party) and their engineering, technical, accounting, financial or other support personnel, including, but not limited to, a proposed expert witness or consultant with whom counsel may deem it necessary to consult concerning technical, financial, or other aspects of this case for the preparation or trial thereof.

11.    Should a receiving party find it necessary for maintaining, defending or evaluating this litigation to disclose a producing party's CONFIDENTIAL information to a technical adviser or a member of his or her staff, whose function is to provide engineering, technical, accounting or financial expertise in support of the technical advisers, or to disclose a producing party's ATTORNEYS' EYES ONLY information to a technical adviser or a member of his or her staff, as defined above, the receiving party shall first give written notice to the producing party that it desires to disclose such information to such technical advisers and/or the adviser's staff, and thereafter the producing party shall have seven (7) calendar days after such notice is given (plus three (3) calendar days if notice is given other than by hand delivery, e-mail transmission or facsimile transmission) to object in writing. The party desiring to disclose CONFIDENTIAL information or ATTORNEYS' EYES ONLY information to a technical adviser and/or to the technical adviser's staff shall provide the curriculum vitae of each such

individual, a signed copy of the Agreement found in Attachment A from each individual, and shall also include the following information about each individual in the written notice:

    (a)    business address;

    (b)    business title;

    (c)    business or profession;

    (d)    for the preceding four years, any previous or current relationship (personal or professional) with any of the parties; and

    (e)    for the preceding four years, a listing of other cases in which the individual has testified (at trial or deposition), all companies for which the individual has provided consulting services, either directly or through a consulting firm, and all companies by which the individual has been employed, within the last four years. Such a listing, as appropriate, may itself be designated as CONFIDENTIAL information or ATTORNEYS' EYES ONLY information pursuant to this Order.

12.    No CONFIDENTIAL information or ATTORNEYS' EYES ONLY information shall be disclosed to such technical adviser and/or staff as defined in Paragraph 11 until after the expiration of the foregoing notice period. The requirement of disclosure of a technical adviser shall apply to all professionals working at the direction of counsel, whether testifying experts or consulting experts only.

13.    If, however, during the notice period the producing party serves an objection upon the receiving party desiring to disclose CONFIDENTIAL information or ATTORNEYS' EYES ONLY information to the technical adviser, there shall be no disclosure of CONFIDENTIAL information or ATTORNEYS' EYES ONLY information to such individual pending resolution

of the objection. The producing party objecting to disclosure of CONFIDENTIAL information or ATTORNEYS' EYES ONLY information to the individual shall provide an explanation of the basis of its objection, and consent to the disclosure of CONFIDENTIAL information or ATTORNEYS' EYES ONLY information to the individual shall not be unreasonably withheld. If a producing party objects to the disclosure of CONFIDENTIAL information or ATTORNEYS' EYES ONLY information to a technical adviser, the receiving party shall then have seven (7) calendar days after such objection is served (plus three (3) calendar days if the objection is served other than by hand delivery, e-mail transmission or facsimile transmission) to respond to the objection. The producing party shall then have seven (7) calendar days after such response is served (plus three (3) calendar days if response is served other than by hand delivery, e-mail transmission or facsimile transmission) to file an objection with the court and seek disqualification of the technical adviser or other appropriate relief, if the parties cannot come to an agreement. The producing party shall bear the burden of establishing that the objectionable individual should not have access to the producing party's CONFIDENTIAL or ATTORNEYS' EYES ONLY information. No CONFIDENTIAL information or ATTORNEYS' EYES ONLY information shall be provided to the objected-to individual until after resolution of the objection either by the parties or by the Court. If the producing party fails to file an objection with the Court within the prescribed period, then any objection to the technical adviser is waived, and any CONFIDENTIAL information or ATTORNEYS' EYES ONLY information may be thereafter disclosed to such individual. No document designated by a producing party as CONFIDENTIAL information or ATTORNEYS' EYES ONLY information shall be disclosed by a receiving party to a technical adviser until after the individual has signed the Confidentiality Agreement appended hereto as Attachment A stating that he or she has read and understands this

9

Order and agrees to be bound by its terms. Such agreement shall be retained by counsel for the receiving party.

### Officers and Employees of Parties

14.    Subject to the requirements set forth in this Order, including those of Paragraphs 9-10 and 17, CONFIDENTIAL information of a producing party, and such copies as are reasonably necessary for maintaining, defending or evaluating this litigation, may be furnished and disclosed by counsel for a receiving party to individuals who are officers or employees of such receiving party involved with maintaining, defending or evaluating this litigation (and supporting personnel).   This Paragraph does not permit ATTORNEYS' EYES ONLY information to be shown to an officer or employee, and no such information may be shared with any officer or employee.   Nothing in this Order shall prevent outside counsel from advising his/her client with respect to this Action and, in so doing, relying upon CONFIDENTIAL or ATTORNEYS' EYES ONLY information, provided that such outside counsel does not disclose such information in a manner not otherwise specifically authorized by this Order.

15.    Should counsel for a receiving party find it necessary for maintaining, defending or evaluating this litigation to disclose a producing party's CONFIDENTIAL information to an individual identified in Paragraph 14, counsel for the receiving party shall first obtain from such individual a Confidentiality Agreement, in the form appended hereto as Attachment A, stating that he or she has read and understands this Order and agrees to be bound by its terms.   Such written agreement shall be retained by counsel for the receiving party.

### Data Processing Vendors and Graphics/Trial Consultants

16.    Subject to the requirements set forth in this Order, including those of Paragraphs 9-10 and 17, CONFIDENTIAL information or ATTORNEYS' EYES ONLY information of a producing party, and such copies as are reasonably necessary for maintaining, defending or

evaluating this litigation, may be furnished and disclosed to data processing vendors; graphics or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in this action; or non-technical jury or trial consulting services, including mock jurors.  The term "data processing vendor" means any person (and supporting personnel) who is a member or staff of an outside data entry or data processing entity employed or retained by a receiving party or its counsel and who is assisting in the development or use of data retrieval systems in connection with this action.  All non-technical jury or trial-consulting services, including mock jurors, must sign a Confidentiality Agreement, in the form appended hereto as Attachment A, prior to receiving any CONFIDENTIAL information or ATTORNEYS' EYES ONLY information.  Such written agreement shall be retained by counsel for the receiving party making such disclosures.  No CONFIDENTIAL OR ATTORNEYS' EYES ONLY information shall be permitted to remain in the possession of any mock juror.

### Recipients of ATTORNEYS' EYES ONLY Information

17.     Any recipient of ATTORNEYS' EYES ONLY information may not have any involvement in competitive decision-making or in patent prosecutions whether foreign or domestic, on behalf of any party to this action (or any entity in privity with such party) relating to semiconductor nanocrystals, including without limitation their use, design, development or manufacture, from the time of receipt of such information through and including two (2) years following the complete termination of this action by either entry of a final judgment or order from which no appeal has or can be taken, the complete settlement of all claims against all parties in this action, or any other means. The foregoing shall not, however, preclude a recipient of ATTORNEYS' EYES ONLY information from participating in any reissue or interference proceeding in the United States Patent & Trademark Office for any patent-in-suit, or from

participating in any reexamination proceeding in the United States Patent & Trademark Office for any patent.

## CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

18.    The parties will use reasonable care when designating documents or information as CONFIDENTIAL information or ATTORNEYS' EYES ONLY information. Nothing in this Order shall prevent a receiving party from contending that any or all documents or information designated as CONFIDENTIAL information or ATTORNEYS' EYES ONLY information have been improperly designated. A receiving party may at any time request that the producing party cancel or modify the confidentiality designation with respect to any document or information contained therein.

19.    A party shall not be obligated to challenge the propriety of any CONFIDENTIAL information or ATTORNEYS' EYES ONLY information designation at the time made, and a failure to do so shall not preclude a subsequent challenge thereto. Such a challenge shall be written, shall be served on counsel for the producing party, and shall particularly identify the documents or information that the receiving party contends should be designated differently. The parties shall use their best efforts to promptly and informally resolve such disputes.  If agreement cannot be reached, the receiving party shall request that the Court cancel or modify a CONFIDENTIAL or ATTORNEYS' EYES ONLY designation. The party or parties producing the designated documents, however, shall have the burden of establishing that the disputed documents are entitled to confidential treatment. Until such a dispute is resolved, either by the parties or by direction of the Court, the receiving party shall continue to treat the information at issue consistent with its current confidentiality designation under this Order.

## LIMITATIONS ON THE USE OF CONFIDENTIAL INFORMATION
## AND ATTORNEYS' EYES ONLY INFORMATION

20.    CONFIDENTIAL information and ATTORNEYS' EYES ONLY information shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, and shall not be used for any business purpose or patent prosecution purpose as outlined in Paragraph 17. Such information also shall not be disclosed to any person who is not entitled to receive such information as herein provided. All produced CONFIDENTIAL information and ATTORNEYS' EYES ONLY information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information. However, nothing in this Order shall prevent any court reporter, videographer, mediator or their employees, or the Court, any employee of the Court or any juror from reviewing any evidence in this case for the purpose of these proceedings. Further, nothing in this Order shall impact the admissibility of any document or other evidence at any hearing or at trial. Court reporters and videographers not employed by the Court must execute a written Confidentiality Agreement, in the form appended hereto as Attachment A.

21.    Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all CONFIDENTIAL information and ATTORNEYS' EYES ONLY information of which such person has prior knowledge. Without in any way limiting the generality of the foregoing:

      (a)    A present director, officer, and/or employee of a producing party may be examined and may testify concerning all CONFIDENTIAL information or ATTORNEYS' EYES ONLY information which has been produced by that party;

13

(b)  A former director, officer, agent and/or employee of a producing party may be interviewed, examined and may testify concerning any CONFIDENTIAL information and ATTORNEYS' EYES ONLY information that refers to matters of which the witness has personal knowledge, which has been produced by that party and which pertains to the period or periods of his or her employment; and

(c)  Non-parties may be examined or testify concerning any document containing CONFIDENTIAL information or ATTORNEYS' EYES ONLY information of a producing party which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the producing party, or a representative of such producing party. Any person other than the witness, his or her attorney(s) subject to Paragraph 17, and any person qualified to receive CONFIDENTIAL information or ATTORNEYS' EYES ONLY information under this Order shall be excluded from the portion of the examination concerning such information, unless the producing party consents to persons other than qualified recipients being present at the examination. If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the attorney shall be requested to provide a Confidentiality Agreement, in the form of Attachment A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of CONFIDENTIAL information

14

or ATTORNEYS' EYES ONLY information disclosed during the course of the examination. In the event that such attorney declines to sign such a Confidentiality Agreement, prior to the examination, the parties, by their attorneys, shall jointly seek a protective Order from the Court prohibiting such attorney from disclosing such CONFIDENTIAL information or ATTORNEYS' EYES ONLY information.

22.     In addition to the restrictions on the uses of all types of CONFIDENTIAL information set forth in this Order, including those of Paragraphs 9-10 and 17, the following shall apply to use of documents a party has designated ATTORNEYS' EYES ONLY information at a deposition:

(a)     A witness who previously had access to a document designated ATTORNEYS' EYES ONLY information, but who is not under a present NDA with the producing party that covers that document, may be shown the document if a copy of this Order is attached to any subpoena, notice, or request served on the witness for the deposition; and the witness is advised, on the record, of the existence of this Order and that the Order requires the parties to keep confidential any questions, testimony, or documents that are designated as CONFIDENTIAL information or ATTORNEYS' EYES ONLY information.

(b)     The witness may not copy, take notes on, or retain copies of any CONFIDENTIAL information or ATTORNEYS' EYES ONLY information used or reviewed at the deposition. The witness may not remove from the deposition room any exhibit that is marked

CONFIDENTIAL information or ATTORNEYS' EYES ONLY, information. The producing party of any CONFIDENTIAL information or ATTORNEYS' EYES ONLY information used at the deposition may also require that the transcript and exhibits not be copied by the witness or his or her counsel, that no notes may be made of the transcript or the exhibits, and that the transcript and exhibits may only be reviewed by the witness in the offices of one of the counsel representing a party in this case (or another firm acting for one of the counsel representing a party in his or her case and under the supervision of one of the lawyers who is bound by the terms of the order).

23.    All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court which have been designated as CONFIDENTIAL or ATTORNEYS' EYES ONLY information or which contain information so designated, shall be filed in accordance with the local rules. Any paper copies served shall be in sealed envelopes or other appropriate sealed containers on which shall be endorsed the caption of this matter, an indication of the nature of the contents of such sealed envelope or other container, the words "[ATTORNEYS' EYES ONLY] CONFIDENTIAL INFORMATION - UNDER PROTECTIVE ORDER" and a statement substantially in the following form:

This envelope contains confidential information filed in this case by (name of party) and is not to be opened nor the contents thereof to be displayed or revealed except by order of the Court presiding over this matter.

24.    Nothing in this Order shall prohibit the transmission or communication of CONFIDENTIAL information or ATTORNEYS' EYES ONLY information between or among qualified recipients

(a)     by hand-delivery;

(b)     in sealed envelopes or containers via the mails or an established freight, delivery, or messenger service; or

(c)     by telephone, telegraph, facsimile or other electronic transmission system, where, under the circumstances, there is no reasonable likelihood that the transmission will be intercepted or misused by any person who is not a qualified recipient.

## NONPARTY USE OF THIS PROTECTIVE ORDER

25.     A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information in the same manner and shall receive the same level of protection under this Order as any party to this lawsuit, provided that such nonparty complies with the provisions of this Order.

26.     A nonparty's use of this Order to protect its CONFIDENTIAL information or ATTORNEYS' EYES ONLY information does not entitle that nonparty access to CONFIDENTIAL information or ATTORNEYS' EYES ONLY information produced by any party in this case.

## MISCELLANEOUS PROVISIONS

27.     Any of the notice requirements herein may be waived, in whole or in part, but only by a writing signed by the attorney of record for the party against whom such waiver will be effective.

28.     Within sixty (60) days after this action is terminated, either by the entry of a final, non-appealable judgment or order, the complete settlement of all claims asserted against all parties in this action, or by other means, each party shall, at its option, either return to the producing party or destroy all physical objects and documents identified as CONFIDENTIAL

information or ATTORNEYS' EYES ONLY information which were received from the producing party. After ninety (90) days have passed since the termination of this action, a producing party may write to any receiving party and request confirmation that any physical objects and documents produced by the producing party and identified as CONFIDENTIAL information or ATTORNEYS' EYES ONLY information not previously returned to the producing party have been destroyed. Notwithstanding the foregoing, counsel shall be entitled to maintain copies of all notes, memoranda, and other work product materials, as well as pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at trial. Notwithstanding the provisions of this Paragraph, outside counsel of record in this matter is not required to delete information that may reside on their respective firm's electronic disaster recovery systems which are over-written in the normal course of business. However, the outside firms who have appeared as counsel of record in this matter agree that no CONFIDENTIAL information or ATTORNEYS' EYES ONLY information shall be retrieved from the electronic disaster recovery systems after the conclusion of the above-captioned matter.

29. This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires. The Court shall take appropriate measures to protect CONFIDENTIAL information or ATTORNEYS' EYES ONLY information at trial and any hearing in this case.

30. In the event that any CONFIDENTIAL or ATTORNEYS' EYES ONLY information is disclosed to any person or entity that is not, or would not be, permitted to access

the information under this Order, then the disclosing party must notify the other parties of that disclosure.   The disclosing party shall take all reasonable steps to retrieve the disclosed information from any person or entity that is not, or would not be, permitted to access the information under this Order, including requesting the return of all copies of the disclosed information. Such efforts by the disclosing party shall not effect the right of the producing party to seek redress against the disclosing party for such improper disclosure.

31.    The United States District Court for the Eastern District of Texas, Tyler Division, is responsible for the interpretation and enforcement of this Order. All disputes concerning CONFIDENTIAL information or ATTORNEYS' EYES ONLY information produced under the protection of this Order shall be resolved by the United States District Court for the Eastern District of Texas, Tyler Division.

So ORDERED and SIGNED this 18 day of ____May____, 2009.


JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | |
|---|---|
| INVITROGEN CORPORATION, QUANTUM DOT CORPORATION, MOLECULAR PROBES, INC., and THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, | CASE NO. 6:08-cv-163-LD |
| Plaintiffs, | |
| v. | |
| EVIDENT TECHNOLOGIES, INC., and DOES 1 through 5, Inclusive, | |
| Defendants. | |

## CONFIDENTIALITY AGREEMENT

I, _____, state:

1.    I reside at _____;

2.    My present employer is _____;

3.    My present occupation or job description is _____;

4.    I agree to keep confidential all information provided to me that is designated "CONFIDENTIAL" or "ATTORNEYS' EYES ONLY" in the matter of *Invitrogen Corporation, et al. v. Evident Technologies, Inc., et al.*, 6:08CV163, and to be subject to the authority of the United States District Court for the Eastern District of Texas, Tyler Division in the event of any violation of this agreement or dispute related to this agreement.

5.    I have been informed of or read the Stipulated Protective Order dated _____,

20\_\_\_, and I will not divulge any CONFIDENTIAL information or ATTORNEYS' EYES

ONLY information to persons other than those specifically authorized by said Order.

6.    I state under penalty of perjury under the laws of the United States of America

that the foregoing is true and correct.

Executed on _____, 20\_\_\_.